CASE 12—ACTION FOR USURY—MARCH 14.

# Payne v. Henderson.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

USURY—LOAN THROUGH BROKER.—A loan of money at seven per
cent., the lender receiving six per cent. and the broker through
whom the loan was effected receiving one per cent., was usur-
ious and rendered the lender liable for the excess. In such case
it is held that the broker was agent for the lender.

JOHN MASON BROWN AND E. L. McDONALD FOR THE APPELLANT.

1. Usury may be recovered as long as it can be traced, whether
exacted by the lender or by the agent of the lender. Bank of
U. S. v. Owens, 2 Peters (U. S.), 531; Smith v. Berry, 5 B.
M., 317; Rudd v. Planters' Bank, 78 Ky., 513; Fitzpatrick v.
Apperson, 79 Ky., 272; Magill v. Mercantile Trust Co., 81 Ky.,
130.

2. Where a lender of money pays her agent nothing for the ser-
vices, she will be presumed to know that they were collecting
fees or commissions from the borrower. Bank v. Flint, 54 Ark.,
40.

3. A loan made by the regular agents of the lender by which the
borrower was to pay such agent a certain sum for his commission
in addition to the highest legal rate of interest is usurious where
there was a previous agreement between the lender and his
agent that the latter would act as his agent but would obtain
compensation for his services as such agent by way of commis-
sions exacted from the borrower. Fowler v. Equitable Trust
Co., 141 U. S., 385; Whaley v. Amer. F. L. Mort. Co., 74 Fed.
Rep., 73; Payne v. Newcomb, 100 Ill., 611; Texas Loan Agency
v. Hunter, 35 S. W. R., 399; Dayton v. Dearholt, 55 N. W. R., 147.

4. A loan of money is usurious where it appears that the lender was
to receive excessive interest, or that a bonus or commission was
paid to the agent of the lender with his knowledge or under
circumstances from which his knowledge will be presumed,
which commission when added to the interest will exceed the

lawful rate of interest. Bank v. Flint, 54 Ark., 40; Borscheling's Exr. v. Trefz, 4 N. J. Eq., 502.

5. An assignment signed by the borrower in which he agrees to retain as his agent the agent of the lender and to pay said agent a commission, is void and will in no way bar or prejudice his right to recover usury so paid by him. Bank v. Flint, 54 Ark., 40; Sherwood v. Roundtree, 32 Fed. Rep., 113; New Eng. Mortgage Co. v. Hendrickson, vol. 14 "Reporter."

6. Even if the agent of the lender disobeyed the positive instruction of the lender and collected usury in the guise of fees or commissions the lender is liable. Stephens v. Olsom, 64 N. W. R., 898; Fitzgerald v. Maupin, 5 Ky. Law Rep., 242.

DODD & DODD FOR THE APPELLEE.

The payment of the $375 to Buckner, Cummins & Co. was made by the borrower as an independent transaction and in the transaction the brokers were not acting as the agents of Mrs. Henderson. 27 Am. & Eng. Ency. of Law, pp. 1003, 1004; Mechem on Agency, sec. 475; George v. New England Security Co., 20 So. Rep., 32; Thruston v. Cornell, 38 N. Y., 281; Eldridge v. Reed, 2 Sweeney (N. Y.), 155; Merck v. Am. Freehold Land Mort. Co., 79 Ga., 213; Attillie v. Waechter, 33 Wis., 253; Crane v. Hubble, 7 Paige (N. Y.), 413; Beadle v. Munson, 30 Conn., 175; Wyllis v. Ault, 46 Iowa, 46; Grant v. Phoenix Life Ins. Co., 121 U. S., 118; Call v. Palmer, 116 U. S., 98; Dryfus v. Burns, 53 Fed. Rep., 420; Wheley v. Am. Freehold Land Mortgage Co., 74 Fed. Rep., 73.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, J. B. Payne, brought this action seeking to recover of appellee the sum of $375, alleged to have been paid by him to appellee, in excess of the principal and legal interest, on a debt due appellee for loaned money. The issue presented is one of law rather than of fact. The facts as proven, and about which there is scarcely a dispute, are these: In 1891, Buckner & Cummins, a firm of brokers in Louisville, had a notice in one of the papers that they loaned money at seven per cent. Ap-

pellant, seeing this notice, applied for a loan of $7,500 for the term of five years. At that time, and for some time before, this firm of brokers, together with an attorney in Louisville, had an arrangement with the appellee to lend money for her on real estate. Appellee furnished the money to the brokers, and they took mortgages, with notes and interest coupons attached, at six per cent. These notes and interest at six per cent. were paid to appellee, and this is all she ever received; and she did not pay to the brokers or attorney any thing for their services, either for drawing the mortgage and notes, or for inspecting the property or its title. She received net six per cent. on her money loaned. Appellee did not know at what rate the loan was made to the borrower. But the proof shows clearly that it was understood between the appellee and the brokers and attorney that for their services the borrower would pay. When appellant applied for this loan to the brokers he was informed that they would exact of him $15 for expenses in visiting the land to appraise same, and to go to examine the title. This was paid, and about this there was no complaint. Appellant was also compelled to pay $375, the amount sued for, out of the loan. This is one per cent. on $7,500 for five years. This sum of $375 was retained by the brokers and attorney as commission and fees for their services about the loan. The proof shows clearly that this $375 was deducted from the loan of $7,500, and was retained by the brokers and attorney. No part of it was ever returned or paid to the appellee. The interest coupons and the principal debt were paid in full to appellee, except about $140, which is not pleaded as an offset or counter-claim.

The question then presented is: Can appellant recover

the $375 paid in excess of the legal rate of interest?   Is
it usury paid?

It is clear from the proof that the brokers, Buckner &
Cummins, as well as the attorney represented the appellee
in the negotiations for and consummation of the loan.
They were her agents to see that the security offered was
ample, that the title was perfect, and that the mortgage
was correctly drawn and bound the property.   Represent-
ing appellee as they did, they could not also at the same
time represent appellant.

There was no obligation resting on appellant to pay the
agents of appellee, but this obligation rested on appellee
herself.

The proof shows that appellee must have known that the
borrowers of her money were paying her agents for their
services, for she did not pay them.

In the case of Fowler v. Equitable Trust Co., 141 U. S.,
384, [12 Sup. Ct., 1], the Supreme Court, in a case very sim-
ilar to this one, said, by Justice Harlan:   "We, therefore,
hold that the exaction by the trust company's agent, pursu-
ant to his general arrangement with it, of commissions
over and above the ten per cent. interest stipulated to be
paid by the borrower, rendered this loan usorious."

In the case of Banks v. Flint, 54 Ark., 40, [14 S. W.,
769], a case very similar to this one, the court said:   "To
sustain the plea of usury, it must appear that ex-
cessive interest was paid to the lender, or that a
bonus or commission was paid to the agent of the lender
with his knowledge, or under circumstances from which his
knowledge will be presumed, which commission, when
added to the interest paid or to be paid the lender, would
exceed the lawful rate. . . ."   Concluding, the court
says:   "But it also knew that the services had been ren-

dered, that it had enjoyed the benefit thereof, and that it had paid nothing therefor. This would give it reasonable notice that the borrower, the only other person interested, had paid for it." The court adjudged the transaction usurious.

In the case of Fitzgerald, Trustee, v. Maupin's Adm'r, reported 5 Ky. Law Rep., 242, decided by this court September 15, 1883, the facts appeared that Maupin executed his note for $3,500 and actually received only $2,956.50, together with $24 paid for insurance, the difference being $519.50. Of this sum of $519.50, the sum of $117.50 was for commissions to Roe & Lyon, brokers, who negotiated the loan, and the balance was discount or interest paid· in advance. The court held the transaction usurious as to the whole sum of $519.50, and said: "The decedent having paid the interest up to his death, the proper judgment for the court below to render was in giving to the appellant interest at six per cent. on the amount of money received by the appellee's intestate. The court will not stop to inquire whether Roe & Lyon were the agents of the one party or the other, as the statement of the case is conclusive of the object in view by the party making the loan."

The reasoning of these cases, and of others that might be cited, seems to be conclusive of the question. It is plain to us that this transaction as made was but a device intended to evade the usury laws. The brokers notified the public that they would lend money at seven per cent. interest. This is the exact amount charged appellant, and for the excess over six per cent.—$375—appellant is entitled to recover.

Judgment reversed, and cause remanded, with directions to render judgment for appellant, and for further proceedings consistent herewith.